# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# HELENA DIVISION

BRIAN KEITH BYRNE                                                                                          PLAINTIFF
ADC # 134860

V.                                         2:09-cv-00158-SWW-JJV

ARKANSAS DEPARTMENT OF CORRECTION;
and HONEYCUTT, Inmate, East Arkansas Regional
Unit, Arkansas Department of Correction                                                DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence to be proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, who is currently incarcerated at the East Arkansas Regional Unit of the Arkansas Department of Correction, commenced this action pursuant to 42 U.S.C. § 1983, alleging claims of failure to protect him from an assault by another inmate. The Court has granted *in forma pauperis* status to Plaintiff, and has commenced screening Plaintiff's allegations pursuant to the Prison Litigation Reform Act. For the reasons set forth herein, the Court recommends that Plaintiff's claims be dismissed, with prejudice, for failure to state a cognizable § 1983 claim within the applicable statute of limitations.

**I.     Screening**

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v.*

*Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007).  A complaint cannot simply "le[ave] open the possibility that a plaintiff might later establish some 'set of undisclosed facts' to support recovery." *Id.* at 1968 (citation omitted).  Rather, the facts set forth in the complaint must be sufficient to "nudge the[ ] claims across the line from conceivable to plausible." *Id.* at 1974.  In reviewing a *pro se* complaint under §1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 112 S.Ct. 1728, 1733 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  But regardless whether a plaintiff is represented or appearing *pro se*, his complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent*, 780 F .2d 1334, 1337 (8th Cir. 1985).

**II.** **Analysis**

    **A.** **Defendant Department of Correction**

Plaintiff has named as a Defendant the Arkansas Department of Correction and a fellow inmate.  Section 1983 authorizes suits against any "person" acting under color of state law who subjects a citizen to the deprivation of constitutional rights.  The agency known as the Arkansas Department of Correction is not an entity subject to suit under 42 U.S.C. § 1983.   Therefore, the undersigned recommends that the claims against the Arkansas Department of Correction be dismissed.

The Court has attempted to carefully scrutinize Plaintiff's Complaint to give him the benefit of liberal screening in his favor.  However, the Complaint is nearly illegible and it is very difficult to ascertain any factual allegations.  Following the United States Supreme Court's recent opinion

in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*., at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*., at 557 (brackets omitted). Based on this heightened *Iqbal* pleading standard alone, Plaintiff's Complaint should be dismissed.

Nevertheless, it appears the Plaintiff's claim is really against his cell-mate, Inmate Honeycutt. Plaintiff's Complaint fails to state any allegation that an employee from the Arkansas Department was actually involved. If specific prison officials were involved in the incident, Plaintiff must make a specific factual statement to the Court about their involvement. Without a showing of specific prison officials being involved in the incident, the claim against Defendant Arkansas Department of Correction should be DISMISSED.

**B.    Defendant Honeycutt**

To state a cognizable claim under 42 U.S.C. § 1983, Plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was caused or committed by a person acting under color of state law. *Roe v. Humke*, 128 F.3d 1213, 1214 (8th Cir. 1997). Plaintiff here has failed to allege facts indicating Defendant Honeycutt committed the complained of conduct while acting under color of state law. An individual acts under color of state law when he or she exercises power "possessed by virtue of state law and made

possible only because the wrongdoer is clothed with the authority of state law." *Roe*, 128 F.3d at 1216. Even reading Plaintiff's Complaint as liberally as possible, his fellow inmate is not a "state actor" for the purposes of this § 1983 litigation. Because Plaintiff's allegations fail to establish that a state actor deprived him of a constitutional right, he fails to state a cognizable claim for relief under § 1983 and his claim against Defendant Honeycutt should be DISMISSED.

### C.     Limitations Period

It appears on the face of the Complaint that Plaintiff's claims are time-barred. This incident occurred on January 27, 2006. The statute of limitations for § 1983 actions is the forum state's statute of limitations for personal injury actions,[1] which in Arkansas is three years. *Morton v. City of Little Rock*, 934 F.2d 180, 182 (8th Cir. 1991). "Although the statute of limitations is an affirmative defense, a district court may properly dismiss an *in forma pauperis* complaint under 28 U.S.C. § 1915(e) when it is apparent the statute of limitations has run." *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir.1992). Plaintiff filed the instant complaint on October 21, 2009, substantially more than three years after the incident in the complaint took place. As a result, it is clear from the face of the complaint that the statute of limitations has run, and this case should be dismissed pursuant to 28 U.S.C. § 1915(e).

In making this determination, the Court has considered equitable tolling of Plaintiff's limitations period.    Plaintiff filed his Complaint nearly nine months beyond the three year limitations period. Even if the grievance period is tolled, it is unlikely it took nine months or more

---

[1] Although state law determines the limitations period for filing § 1983 claims, federal law determines when a cause of action accrues. *White v. Garrison*, 70 F.3d 1276 (8th Cir. 1995) (unpublished table opinion). Under federal common law, a cause of action accrues when a plaintiff "discovers, or with due diligence should have discovered, the injury that is the basis of the litigation." *Union Pacific R. Co. v. Beckham*, 138 F.3d 325, 330 (8th Cir. 1998).

for the grievance process to finalize. And while Plaintiff's Complaint refers to another case relating from this incident, this other case before this Court does not involve these facts. Without some explanation from Plaintiff to the contrary, the Court finds no basis to toll the limitations period.

### D. Objections to the Court's Findings

This judicial process allows Plaintiff to file written objections to the above findings. Therefore, if Plaintiff believes these findings are incorrect, Plaintiff should follow the objections process outlined in this opinion to advance his claims.

## III. Conclusion

IT IS THEREFORE RECOMMENDED that:

1. This action be DISMISSED WITH PREJUDICE;

2. Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g)[2];

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

DATED this 9th day of November, 2009.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[2] Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ." The Eighth Circuit has held that, if a plaintiff fails to exhaust available administrative remedies before initiating an action in federal court, the complaint fails to state a claim upon which relief may be granted. *Porter v. Fox*, 99 F.3d 271 (8th Cir. 1996); *Sharps v. United States Forest Serv.*, 28 F.3d 815 (8th Cir. 1994).